Kinsey C. J.
delivered the opinion of the court. He said the case of Pitts v. Carpenter, 1 Wils. 19. 2 Str. 1191. did not apply in New-Jersey, because offsets were optional in England but compulsory here. The same remark is applicable to the case of Gross v. Fisher, (b)
The question depends altogether on the amount demanded by the parties; that alone is the sum in dispute, and it is immaterial whether it constitutes the whole account or whether it is a balance; provided it be under £12. the Justice has jurisdiction. These distinctions are to be observed—
1st If the demands of the plaintiff and defendant on each other do not exceed _£l2. the Justice may adjudicate, let the sum of their respective accounts be what it may.
2d If on a summons for £ 12. or under, the plaintiff exhibits an account of £50. and gives credit for £10. and there is no demand beyond £12. set off by defendant, the Justice may render judgment.
*31 iict If the items disputed by defendant exceed £‘12. the j ustice cannot proceed, though the plaintiff claims less than that sum.
thth Where defendant claims above £12. and exhibits an account, and no circumstances justify the belief that it is done fraudulently, the Justice ought not to proceed, but stay proceedings on the terms of defendant’s suing in a higher court within a reasonable time.
In short, wherever the real subject in dispute exceeds £12. the Justice has no jurisdiction; where it does not, he has, and the amounts of the respective accounts are immaterial.
In this case it does not appear the Justice took cognizance of a demand on either side for a greater sum than came legally within his jurisdiction. It does not follow because £34-10. was admitted to be a just account against the plaintiff, that the whole of this was therefore demanded by defendant;— the verdict itself explicitly negatives such a presumption.
Judgment affirmed.

 3, Wils. 48.